**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01420-MSK-NYW

COLORADO INSURANCE GUARANTY ASSOCIATION,

    Plaintiff,

v.

UNITED ARTISTS THEATRE CIRCUIT, INC.,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

    This civil action is before the court on Defendant United Artists Theatre Circuit, Inc.'s ("Defendant" or "United Artists") Motion to Dismiss [#9, filed July 13, 2015] and Motion to Amend Notice of Removal *Nunc Pro Tunc* ("Motion to Amend"). [#11, filed July 24, 2015]. Also before the court is Plaintiff Colorado Insurance Guaranty Association's ("Plaintiff" or "CIGA") Motion for Remand [#17, filed August 7, 2015]. These matters were referred to the undersigned Magistrate Judge pursuant to the Order Referring Case dated August 14, 2015 [#24] and the memoranda dated August 17, 2015 [#25, #26, and #28].

**BACKGROUND**

    CIGA initiated this litigation by filing a Complaint on June 3, 2015 in Arapahoe County District Court for the State of Colorado. [#1-2 at 2]. On July 6, 2015, United Artists removed this action from state court to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and D.C.COLO.LCivR 81.1. [#1]. United

Artists asserted in the Notice of Removal that the Parties in this action are diverse and the amount in controversy exceeds $75,000. [*Id.* at ¶¶ 3-8]. For support, United Artists identified CIGA as "a statutory non-profit unincorporated legal entity created by the Colorado Insurance Guaranty Association Act, C.R.S. § 10-4-501, et seq., with its principal place of business located at 1720 S. Bellaire Street, Suite 408, Denver, Colorado 80222." [#1 at ¶ 4; *see also* #6 at ¶ 1]. United Artists acknowledged that it "is a citizen of a foreign state with its principal place of business outside of Colorado." [#1 at ¶ 5]. Specifically, "[United Artists] is a Maryland Corporation with its principal place of business located at 7132 Regal Lane, Knoxville, Tennessee 37918." *Id.* In addition, United Artists noted that CIGA prays to recover at least $186,907.56. [#1 at ¶ 7].

### The Colorado Insurance Guaranty Association Act

CIGA is a "statutory non-profit unincorporated legal entity created by the Colorado Insurance Guaranty Association Act, [the "Act"], C.R.S. § 10-4-501, *et seq.*" for "the purpose of covering the Colorado claims of insolvent insurers." [#6 at ¶ 1; #17 at 4]. CIGA was created to pay Colorado claims when insurers are liquidated. [#6 at ¶ 9 (citing Colo. Rev. Stat. § 10-4-502)]. The Act provides CIGA with the right to recover amounts paid on behalf of insureds whose net worth exceeds $25 million on December 31st of the year preceding the insurer's liquidation. *Id.* (citing Colo. Rev. Stat. § 10-4-511(4)(a)).

This civil action arises out of workers compensation benefits that CIGA paid or settled with regard to injuries that Ludene Miller, a United Artists employee, suffered during a work related accident that occurred in 1998. [#6 at ¶¶ 6-9]. During that time, United Artists held workers compensation insurance through Lumberman's Mutual Casualty Company

("Lumberman's") to cover "injured beneficiaries for benefits available under the Colorado Workers' Compensation Act." [*Id.* at ¶ 6].

On September 5, 2000, United Artists and various affiliates filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. [#6 at ¶ 16; #9 at 3]. *See also United Artists Theatre Co. v. Walton*, 315 F.3d 217 (3rd Cir. 2003). On January 22, 2001, the bankruptcy court confirmed United Artists' plan of reorganization. [#6 at ¶ 17; #9 at 4]. United Artists thereafter exited Chapter 11 reorganization. [#9 at 1]. Lumberman's continued to pay Ms. Miller's claim following United Artists' exit from bankruptcy. [#9 at 4 n.4].

In May 2013, Lumberman's was declared insolvent and ordered into liquidation by order of the State of Illinois. [#6 at ¶ 7; #9 at 4]. As of that date, CIGA, as Lumberman's guarantor, "has paid, and settled, Ms. Miller's indemnity and medical benefits claims for her work related injuries in accordance with its statutory obligations to pay covered claims to the same extent as the insolvent insurer would have done." [*Id.* at ¶ 8 (citing Colo. Rev. Stat. § 10-4-508(1)(b))].

CIGA seeks in its First and Second Claims for Relief: (1) determination of the statutory net-worth of United Artists and its affiliates on December 31, 2012 pursuant to Colo. Rev. Stat. § 10-4-511(4)(a) [#6 at ¶¶ 11-14]; and (2) determination that CIGA's claim against United Artists arose subsequent to the bankruptcy court's confirmation of United Artists' plan of reorganization "and was not discharged in the 2001 plan of re-organization," [*id.* at ¶¶ 16-21]. Although styled as a claim for declaratory judgment, Plaintiff's Third Claim for Relief seeks a court order requiring United Artists to produce the notice of its filing for bankruptcy "that was provided to Ms. Miller," as well as proof that the notice was supplied to Ms. Miller in accordance with 11

U.S.C. § 342; and, following any failure of United Artists to do so, CIGA asks the court to "strike any defense related to [United Artists'] bankruptcy." [*Id.* at ¶¶ 23-24]. As to its Fourth Claim for Relief, CIGA asserts a statutory right of recovery to at least $186,907.56, the sum of payments paid to Ms. Miller's claim. [*Id.* at ¶¶ 26-28]. Finally, CIGA asks for judgment in its favor and against United Artists for "all amounts Plaintiff has paid relating to Ludene Miller's workers compensation claim, and that CIGA be awarded interest, damages, costs, continuing future payments, and such other relief as this Court deems proper." [*Id.* at 5].

## PROCEDURAL HISTORY

United Artists filed the pending Motion to Dismiss on July 13, 2015. [#9]. On July 24, 2015, CIGA filed the pending Motion to Amend. [#11]. On August 3, 2015, CIGA filed a Motion of Stay for all Proceedings Pending Determination of Jurisdiction ("Motion to Stay"). [#13]. On August 7, 2015, CIGA filed the pending Motion for Remand. [#17].

On August 19, 2015, this court granted the Motion to Stay in part, set a Status Conference and Motion Hearing for September 4, 2015, set a briefing schedule for the Motion to Amend and Motion for Remand, and stayed the deadline for Plaintiff to respond to the Motion to Dismiss pending the Status Conference. [#31]. Plaintiff filed a Response to the Motion to Amend on August 21, 2015. [#32]. Defendant filed a Response to the Motion for Remand on August 28, 2015. [#33]. On September 2, 2015, Plaintiff filed a Reply in support of the Motion for Remand [#34], and Defendant filed a Reply in support of the Motion to Amend [#35]. On September 4, 2015, this court held a joint Status Conference and Motion hearing at which the undersigned heard oral argument on the Motion to Amend and Motion for Remand and took both motions under advisement. [#36].

**STANDARD OF REVIEW**

I.   **28 U.S.C. § 1441(a)**

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). As a basis for removal, United Artists invoked 28 U.S.C. § 1332(a)(1). [#1 at ¶ 3]. Pursuant to diversity jurisdiction conferred by 28 U.S.C. § 1332(a)(1), a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Federal courts also have federal question subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The defendant bears the burden to prove the existence of federal subject matter jurisdiction and must establish that jurisdiction by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)).

II.   **28 U.S.C. § 1653**

Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The purpose of § 1653 is "to avoid dismissals on technical grounds." *Daneshvar v. Graphic Technology, Inc.*, 237 F. A'ppx 309, 314-15 (10th Cir. 2007) (considering § 1653 in the context of whether defective allegations of jurisdiction may be amended for the first time on appeal in a Title VII discrimination action) (citing *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971)). "An application under § 1653 is…addressed to the discretion of the court, and usually the section is to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that

jurisdiction does in fact exist." *Id.* at 315 (citing *John Birch Soc'y v. NBC,* 377 F.2d 194, 198–99 (2d Cir. 1967)).  However, § 1653 permits amendment of "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Id.* at 314 (quoting *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 831, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)). *See also Wood v. Crane Co.*, 764 F.3d 316, 322 (4th Cir. 2014) ("[S]ince removal must be effected by a defendant within 30 days after receiving a copy of the complaint, the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made") (citation omitted).

Removal statutes are construed narrowly and doubts regarding the propriety of removal are resolved against such action. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005). *See also City of Neodesha, Kansas v. BP Corporation North America, Inc.*, 355 F. Supp. 2d 1182, 1185 (D. Kan. 2007) (citations omitted).  This court must decline to exercise jurisdiction on removal where its source of jurisdiction is not affirmatively apparent on the record. *Baker v. PDC Energy, Inc.*, No. 14–cv–02537–RM–MJW, 2014 WL 7445626, at *2 (D. Colo. Dec. 30, 2014) (citing *Laughlin v. Kmart Corp*, 50 F.3d 871, 873 (10th Cir. 1995) (further citations omitted)).  "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289–90 (citation omitted) *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens,* --- U.S. ----, 135 S.Ct. 547 (2014).  Furthermore, remand is required "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### III.    Fed. R. Civ. P. 12(b)(6)

United Artists has moved to dismiss CIGA's Complaint for failure to state a claim. [#9].

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

**I.  Motion to Amend**

This court begins its analysis with consideration of United Artists' Motion to Amend. Pursuant to 28 U.S.C. 1446(a)-(b), within thirty days of receiving service of summons and

complaint, a defendant may file a notice of removal supported by "a short and plain statement of the grounds for removal." Plaintiff does not contest that United Artists filed a timely Notice of Removal,[1] in which United Artists asserted diversity as the sole basis for the court's jurisdiction, and, moreover, asserted as the sole support for its invocation of 28 U.S.C. § 1332(a)(1) that Plaintiff "is [a] Colorado entity with its principal place of business in Colorado," and that United Artists is a Maryland corporation with its principal place of business in Tennessee. [#1 at ¶¶ 3-5].

United Artists seeks to amend the Notice of Removal *nunc pro tunc* on two separate grounds: (1) to "expand upon its initial allegations concerning diversity to ensure that they are more complete," and (2) to "reflect the fact that the Complaint also establishes federal question jurisdiction." [#11 at 2]. Plaintiff opposes the Motion to Amend, arguing that the proposed amendments are untimely and Defendant may not add substantive allegations regarding jurisdiction after the statutory thirty-day period to remove has expired. *See* [#32].[2] In addition, CIGA argues that it has found no authority to permit amendment of the notice of removal *nunc pro tunc*. [*Id.* at #32 at 3-4].

### A.   Diversity Jurisdiction

United Artists proposes to amend its Notice of Removal to state: "Plaintiff has been an arm of the State of Colorado, an actor on behalf of the State of Colorado, and therefore a citizen

---

[1] This court notes, however, that United Artists was served with the summons and complaint on June 3, 2015 [#1 at ¶ 9] and United Artists did not file the Notice of Removal until July 6, 2015—thirty-three days later. The record does not indicate how CIGA effected service under Fed. R. Civ. P. 5(b)(2).

[2] CIGA improperly directs the court to its Motion for Remand "for substantive argument on the issues raised in [the Motion to Amend]." [#32 at 3 n.1].

of the State of Colorado and not a citizen of any other state." [#11-1 at ¶ 4]. United Artists contends that it is simply attempting to allege diversity with more specificity. [#11 at 8]. As an initial matter, contrary to the allegation in the Notice of Removal, CIGA does not allege that it is a "Colorado entity." *Compare* [#11 at ¶ 4] *with* [#6 at ¶ 1]. Instead, CIGA states that it is "a statutory non-profit unincorporated legal entity created by the Colorado Insurance Guaranty Association Act." [#6 at ¶¶ 1, 9]. Nor does United Artists allege anywhere in the original Notice of Removal that CIGA is a citizen of Colorado and Colorado alone because it is a state actor. [#1].

Even assuming for the purposes of argument that United Artists' proposed amendment is simply a clarification of its initial assertion that CIGA is a citizen of Colorado and Colorado alone, this court still finds that amendment is improper. CIGA is undisputedly an unincorporated legal entity. [#6 at ¶1; #11-1 at ¶ 4]. *See also Colorado Ins. Guar. Ass'n v. Harris*, 827 P.2d 1139, 1140 (Colo. 1992) (en banc). A court in this District has previously determined that as such, CIGA is a citizen of every state of which its members are citizens. [#17-2 (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n,* 896 F.3d 674, 677 (2d Cir. 1990))]. *See also Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.3d 390, 394 (5th Cir. 1991). Judge Brimmer's Order, as well as the holdings from the Second and Fifth Circuit Courts of Appeal, are consistent with the Supreme Court's holding in *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), where the Court held that, for diversity purposes, the citizenship of an artificial entity depends upon the citizenship of "all the members" of the entity. This court is persuaded that for the purposes of diversity jurisdiction, an unincorporated legal entity,

9

including CIGA, is a citizen of every state of which its members are citizens.[3]  *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 906 (10th Cir. 2015) (citations omitted).

### B.     Federal Question Jurisdiction

United Artists further proposes to state that Plaintiff's claims, on their face, raise a federal question pursuant to 28 U.S.C. § 1331 because CIGA's attempt "to claw back [] settlement payment from United Artists, pursuant to C.R.S. § 10-4-511(4)(a)" demonstrates a conflict exists between CIGA's claims and federal bankruptcy law. [#11-1 at ¶¶ 10, 11]. United Artists would amend its Notice of Removal to assert federal question jurisdiction as follows:

> Citing to federal bankruptcy statutes and cases, Plaintiff requests a judicial declaration that its claim against United Artists was not discharged in connection with the 2001 bankruptcy. *Id.* At its core, Plaintiff seeks a declaration that its rights under a Colorado insurance guaranty statute trump United Artists' rights to a full and final discharge of unsecured claims, such as those of claimants like Plaintiff, pursuant to the federal Bankruptcy Code.

[#11-1 at ¶ 11] (citations omitted). This court respectfully declines to permit United Artists to amend its Notice of Removal to add a distinct ground for removal that is not reflected in its original Notice of Removal.

A defendant generally may not cure a defective notice of removal by asserting a new basis of jurisdiction not contained in the original notice of removal. *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1293-94, 1303 (D.N.M. 2011) (citation omitted). While the purpose of § 1653 is to avoid dismissals on technical grounds, the section does not "empower federal courts to amend a complaint," and in this case a notice of removal, "so as to produce

---

[3] This conclusion is consistent with the position that CIGA itself has taken in other litigation. *See* [#17-2]; Brief of Amici Curiae the Guaranty Associations Supporting Appellants and Reversal, *State of Oklahoma v. Staffing Concepts, Int'l, Inc.*, No. 14-6202, 2015 WL 628879 at *18 n.9 (10th Cir. Jan. 23, 2015).

jurisdiction where none actually existed before." *Daneshvar*, 237 F. App'x at 314. The amendments proposed by United Artists do not elucidate its classification of CIGA as a Colorado entity based on its prior assertions of diversity jurisdiction. Rather, United Artists' proposed amendment related to federal question would re-write the Notice of Removal to assert a wholly independent, and never-before-raised, basis for removal and for invoking this court's jurisdiction. *Compare* [#6] *with* [#11-1 at ¶ 11]. This is improper, as United Artists filed the Motion to Amend after the thirty-day statutory period had passed, *see Geismann v. Aestheticare, LLC*, 622 F. Supp. 2d 1091, 1095-97 (D. Kan. 2008), and the proposed amendments assert new grounds for federal jurisdiction. *See Baker*, 2014 WL 7445626, at *4 (granting plaintiff's motion for remand and denying defendant's motion to amend its notice of removal based in part on defendant's failure to assert foreign citizenship as a basis of diversity jurisdiction in its original notice of removal). *See also Wood*, 764 F.3d at 322–24 (citing *Barrow Dev. Co. v. Fulton Ins. Co.* 418 F.2d 316, 317 (9th Cir. 1969) ("[S]ince removal must be effected by a defendant within 30 days after receiving a copy of the complaint, the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made."); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (4th ed. 2009) (noting that most cases indicate that after passage of the thirty-day period, "defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice," and "[i]n most circumstances,…defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal....").[4]

---

[4] This finding is not discordant with the case law Defendant cites. For instance, the Tenth Circuit

United Artists next argues the court should allow its proposed amendment regarding federal question jurisdiction because the grounds for that jurisdiction exist on the face of CIGA's Complaint. [#11 at 5]. This court respectfully disagrees. First, Defendant has not cited any support from within this Circuit for allowing amendment to present an entirely new argument after the thirty days has lapsed, regardless of what is contained in the operative pleading. *Cf. Dutcher v. Matheson*, 733 F.3d 980 (10th Cir. 2013) (remanding case to district court to consider question of jurisdiction, and declining to invoke substantial question doctrine on borrowers' appeal from dismissal of their complaint to support federal question jurisdiction over removed putative class action where defendants presented mostly conclusory statements in their brief on appeal that case satisfied doctrine, and did not raise issue in their notice of removal).

Second, Defendant's proposition runs afoul of the well-established judicial principle regarding timely amendments to a notice of removal. Defendant asserts that, "[a]fter all, if jurisdiction in fact exists, it is better to permit the petition to be amended to reflect that fact, than to unduly exalt form over substance by prohibiting amendment." [#11 at 6]. While a correct statement taken within the context of a mere defect of allegation, as discussed above, Defendant is in actuality asking to cure a defective notice of removal by asserting a new basis of jurisdiction not contained in the original notice of removal. *Cf. Gavin v. AT & T Corp.*, 464 F.3d 634 (7th

---

in *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301–02 (10th Cir. 1968) affirmed amendment to the petition of removal that allowed defendant to specify the principal place of business of the defendant insurer "or otherwise to show that such principal place of business was in a state other than that of the citizenship of the plaintiff," and to allege citizenship as distinguished from residence of the plaintiff. Such an amendment following the expiration of the thirty-day period is permissible because it will cure defective allegations of jurisdiction, and it thus corresponds with the general liberal attitude toward pleading amendments found in Federal Civil Rule 15, and in Section 1653 of Title 28. *See, e.g., Countryman v. Farmers Ins. Exchange*, 639 F.3d 1270 (10th Cir. 2011).

Cir. 2006), cert. denied, 549 U.S. 1274, 127 S. Ct. 1492, 167 L. Ed. 2d 244 (2007) (vacating denial of remand and dismissal of complaint in consumer fraud case brought as class action that trial court erroneously viewed as brought pursuant to SLUSA and directing remand to state court, concluding that although case was within diversity jurisdiction defendants waived that ground for removal by never raising it). Under the "traditional approach to uninvoked jurisdictional grounds…the mere fact that a case falls within a congressional grant of federal subject matter jurisdiction does not give a federal court authority to hear a case; a party must also affirmatively *invoke* the applicable ground or grounds of congressionally authorized jurisdiction." *Henok v. JPMorgan Chase Bank N.A.*, --- F. Supp. 3d ----, 2015 WL 2121788, at *4 (D.D.C. May 6, 2015) (citing Jeannette Cox, *Removed Cases and Uninvoked Jurisdictional Grounds,* 86 N.C. L. Rev. 937, 941-42 (2008)).[5] *But see Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976–77 (9th Cir. 2006) (per curiam) (allowing removed case to switch jurisdictional bases from federal question to diversity after all federal claims had been eliminated, even where diversity was not invoked in the defendant's notice of removal, so long as diversity of citizenship could be discerned from the face of the complaint). United Artists has not cited, and this court has not found, support within this Circuit for diverging from the

---

[5] Ms. Cox's law review article explores and criticizes the recent break by the Fifth and Ninth Circuits from the traditional application of 28 U.S.C. § 1447(c)—whereby a congressional grant of federal subject matter jurisdiction notwithstanding, a party to the case must also affirmatively invoke the applicable jurisdictional ground—to mandatory retention, under which the court considers whether the complaint meets the requirements for an original ground of jurisdiction regardless of the jurisdictional grounds invoked by the defendant. In other words, to a mandatory retention court, "a district court does not 'lack subject matter jurisdiction' within the meaning of § 1447(c) if the case contains an uninvoked jurisdictional ground." Cox, 86 N.C. L. Rev. at 953 (citing *Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir. 1994) ("The district court's decision to remand was not authorized by §1447(c)because it did not lack subject matter jurisdiction."); *Buchner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993).

traditional application of the statute. *See, e.g., Geismann*, 622 F. Supp. 2d at 1095-97.[6]

## II.  Motion to Remand

CIGA asks the court to remand this action to state court on the basis that complete diversity does not exist. [#17 at 3].[7] CIGA also argues in the Motion for Remand that it is not a state actor, and that Defendant's proposed amendment regarding a conflict between CIGA's claims and federal bankruptcy law is merely an anticipated defense rather than the basis for federal question jurisdiction. For the reasons stated above with respect to Defendant's Motion to Amend, this court considers only whether the record supports a finding of diversity between the Parties.

Colorado established its guaranty association in 1963, Colo. Rev. Stat. §§ 10-4-501, *et seq.*; insurance companies writing enumerated types of insurance in Colorado are required by state law to become members of CIGA. Colo. Rev. Stat. § 10-4-506. CIGA asserts that it is a "statutory non-profit unincorporated legal entity." [#6 at ¶ 1]; *see also* Colo. Rev. Stat. § 10-4-506. An unincorporated association is a citizen of every state of which its members are citizens. *Grynberg*, 805 F.3d at 906. CIGA's members currently include five insurers that are domiciled in Maryland and are residents of Maryland, eleven insurers that are domiciled in Maryland but residents of other states, one insurer that is domiciled in Tennessee and is a resident of

---

[6] Given the court's recommendation to deny the pending Motion to Amend, this court does not address Plaintiff's argument regarding whether amendment of a Notice of Removal may be made *nunc pro tunc*.

[7] Plaintiff filed its Motion for Remand on August 7, 2015, more than thirty days after Defendant filed its Notice of Removal. *See* [#17]. Section 1447 of Title 28 states that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal…" 28 U.S.C. § 1447(c) (emphasis added).

Tennessee, one insurer that is domiciled in Tennessee but a resident of another state, and eleven insurers that are residents of Tennessee but domiciled in other states. [#17-1 at 1-2]. The Parties agree that United Artists is a "Maryland Corporation with its principal place of business located [in]…Tennessee." [#1 at ¶ 5].

United Artists argues that CIGA "is, in reality, a political subdivision of the State of Colorado and should be considered a citizen of Colorado, and Colorado alone, for purposes of diversity jurisdiction." [#33 at 1]. For support, United Artists cites *Sotack v. Pennsylvania Property & Casualty Insurance Guaranty Association*, 104 F. Supp. 2d 471, 477 (E.D. Pa. 2000), in which the court applied *Lebron v. National Railroad Passenger Corp*, 513 U.S. 374, 400 (1995) to determine if Pennsylvania Property and Casualty Insurance Guaranty Association ("PPCIGA") was a government agency. United Artists asserts that this court should follow the analysis applied in *Sotack* to find that CIGA, like PPCIGA, is a government entity and its operatives are state actors. However, another division of this court has already determined that CIGA, for diversity purposes, is a citizen of every state of which its members are citizens; and in finding that at least one of CIGA's member insurers was incorporated in a state of which two of the defendants claimed citizenship, dismissed the action for lack of subject matter jurisdiction. *Colorado Insurance Guaranty Association v. Sunstate Equipment Company LLC*, No. 12-cv-2494-PAB-BNB, [ECF. 68] (D. Colo. Aug. 27, 2013); [#17-2]. As discussed above, I find no reason, and am not persuaded by Defendant here, to depart from the authority used for determining citizenship of an unincorporated association.

United Artists also argues that CIGA has failed to adequately demonstrate a lack of diversity between itself and Defendant because the affidavits proffered by CIGA do not indicate

15

the corporate form of CIGA's Maryland and Tennessee members. [#33 at 10]. However, "[t]he burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). On the record before it, this court concludes that Defendant has failed to carry its burden of establishing diversity of citizenship by a preponderance of the evidence. Accordingly, I respectfully recommend granting Plaintiff's Motion for Remand.

### III. Motion to Dismiss

United Artists argues first that CIGA's claim was discharged in 2001 upon confirmation of United Artists' reorganization plan. United Artists argues second that, to the extent CIGA implicates the Act to assert its claim, a state statute cannot undermine the discharge provision of the federal Bankruptcy Code pursuant to the Supremacy Clause.[8] In light of my findings articulated above, I respectfully recommend that the Motion to Dismiss be denied as moot.

### CONCLUSION

For the foregoing reasons, this court respectfully **RECOMMENDS**:

1. Defendant United Artists Theatre Circuit, Inc.'s Motion to Amend Notice of Removal *Nunc Pro Tunc* [#11] be **DENIED**;

2. Plaintiff Colorado Insurance Guaranty Association's Motion for Remand [#17] be **GRANTED**; and

---

[8] United Artists appears to assert a counterclaim for violation of its procedural due process rights. [#9 at 15]. To the extent such was Defendant's intention, a party must assert a counterclaim in a responsive pleading. Fed. R. Civ. P. 13. Defendant has not yet filed an Answer to Plaintiff's Complaint.

    3. Defendant United Artists Theatre Circuit, Inc.'s Motion to Dismiss [#9] be **DENIED AS MOOT**.[9]

DATED: January 12, 2016                                       BY THE COURT:

                                                                               s/Nina Y. Wang_____
                                                                               United States Magistrate Judge

---

[9] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).